# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| RON PAUL BESSIRE, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:07-CV-597-Y |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Ron Paul Bessire, TDCJ-ID #1249507, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Navasota, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

In 2003, Bessire, a repeat criminal offender, was charged by indictment with aggravated

robbery with a deadly weapon (count one) and felon in possession of a firearm (count two) in cause no. 0872790D in the Criminal District Court Number Four of Tarrant County, Texas. (Clerk's R. at 2) On June 3, 2004, following a trial before the court, the trial judge found Bessire guilty on both counts and true to the repeat offender notice. (*Id.* at 58) Following the punishment phase, on July 23, 2004, the trial judge assessed Bessire's punishment at twenty-eight years' confinement on count one and twenty year's confinement on count two. (*Id.*) Bessire appealed his convictions, but the Second District Court of Appeals affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused Bessire's petition for discretionary review. *Bessire v. Texas*, No. 2-04-347-CR, slip op. (Tex. App.–Fort Worth Aug. 29, 2005); *Bessire v. Texas*, PDR No. 1361-05. Bessire also filed two state postconviction applications for writ of habeas corpus, one for each conviction, which were denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. *Ex parte Bessire*, Application Nos. WR-66,072-01 & -02, at cover. This federal petition followed.

### D. ISSUES

Bessire raises nine grounds for relief:

(1) Legally insufficient evidence (ground one);

(2) Ineffective assistance of trial counsel (grounds two, six, eight, and nine);

(3) Ineffective assistance of appellate counsel (grounds three and seven); and

(4) Double jeopardy (grounds four and five). (Petition at 7-8 & Insert)

### E. RULE 5 STATEMENT

The state argues that Bessire has failed to exhaust his legal insufficiency-of-the-evidence

claim in state court as required under 28 U.S.C. § 2254(b). (Resp't Answer at 7-10) Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. *See* 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302. In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *See Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure in a procedurally proper manner. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005); *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). The exhaustion requirement is not met if the petitioner presents new legal theories or factual claims in his federal habeas petition. *Anderson v. Harless,* 459 U.S. 4, 6-7 (1982); *Riley v. Cockrell,* 339 F.3d 308, 318 (5th Cir. 2003). The federal claim must be the substantial equivalent of the claim brought before the state court. *Id.*; *Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir. 2001) (holding where petitioner advances in federal court an argument based on legal theory distinct from that relied upon in state court, he fails to satisfy the exhaustion requirement).

On appeal, Bessire raised a factual insufficiency-of-the-evidence claim on the issue of whether he used or exhibited a deadly weapon during commission of the offense, which was rejected by the state courts. In his state habeas application, he raised a "no evidence" claim on the issue, which the state courts addressed but rejected. Bessire now attempts for the first time to challenge

3

the legal sufficiency of the evidence on the deadly weapon allegation, relying on *Jackson v. Virginia* and its progeny. Under Texas law, while an allegation of "no" evidence is cognizable in a state habeas proceeding, a sufficiency-of-the-evidence claim may only be raised on direct appeal and may not be raised in a state habeas proceeding. *See West v. Johnson*, 92 F.3d 1385, 1389 n.18 (5th Cir. 1996); *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004); *Clark v. Texas* 788 F.2d 309, 310 (5th Cir. 1986); *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994). This procedural default in state court is an adequate state procedural ground barring federal habeas review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801- 07 (1991). Absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated by Bessire, his legal insufficiency-of-the-evidence claim is procedurally barred from this court's review.

### F. DISCUSSION

#### 1. *Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th

4

Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The Act further requires that federal courts give great deference to a state court's factual findings. *See Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## 2. *Double Jeopardy*

Bessire claims he was tried, convicted, and given multiple punishments for the same offense during the same criminal episode and based on the same evidence, in violation of double jeopardy, because felon in possession of a firearm is a lesser included offense of aggravated robbery with a deadly weapon. (Pet'r Brief at 20-23) He also claims that his trial counsel was ineffective by failing to object to the state's introduction of evidence for all purposes and to make the state elect which offense it would rely upon to support a conviction and that both trial and appellate counsel were ineffective by failing to raise the double jeopardy issue at trial and on appeal. (*Id.* at 24-31)

The Double Jeopardy Clause protects against multiple prosecutions and punishments for the same offense. *Monge v. California*, 524 U.S. 721, 727 (1998). Under Texas law, felon in possession of a firearm is not a lesser included offense of aggravated robbery with a deadly weapon.

5

*Ex parte Bessire*, State Habeas Appl. No. WR-66,072-01, at 54-55. The offenses are separate and distinct offenses. *Hawkins v. Texas*, 535 S.W.2d 359, 362 (Tex. Crim. App. 1976). Thus, deferring to the state courts on matters of state statutory interpretation, it was permissible to try Bessire on both counts and separately sentence him on each count. *See Creel v. Johnson*, 162 F.3d 385, 390-91 (5th Cir. 1998); *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995). Counsel is not deficient for failing to raise frivolous objections or motions at trial or frivolous issues on appeal. *See Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995); *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

### 3. *Ineffective Assistance of Counsel*

Bessire claims he received ineffective assistance of trial and appellate counsel. A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the familiar standards set forth in *Strickland v. Washington*. *Strickland*, 466 U.S. at 668. *See also Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001) (applying the *Strickland* standard to ineffective assistance claims against appellate counsel). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id.* at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

6

Bessire claims he received ineffective assistance of trial counsel because counsel failed to conduct an independent investigation into the facts of his case. (Pet'r Brief at 10) According to Bessire, trial counsel should have investigated his cell phone records, which might have shown that he was on his cell phone, and not holding a gun, at the time he was tackled by store personnel. Counsel addressed the issue in his affidavit filed in the state habeas proceedings as follows:

> Applicant alleges that an investigation regarding cell phone records might prove that he was using the phone at the time that he was tackled by persons in the store where the incident occurred. The issue was not whether he was using the phone, but whether a handgun was ever used or exhibited during the confrontation. I did not feel that it would have made a difference in the outcome. This was a factual issue before the Court and the trial court ruled against Applicant.
> To the best of counsel's recollection it was shown to the trial court that a cell phone was in play during this event. Unfortunately it is undisputed that a handgun was also in play during the event, and it was concealed inside Applicant's clothing.
> One witness swore that a gun was pointed his way, and the argument was made that he mistook it for a gun when in reality it was a cell phone. Again another factual issue decided by the trial court against Appellant.
> It is counsel's opinion that Applicant was found guilty not just because of witness Brennan but because of the weapon seized from Applicant by the officers present. Applicant alleges that if the cell phone records had been used, he assumes the time would match the video time, which is not likely because he assumes a universal time for the electronics in question.
> Counsel denies he was ineffective and feels that the case was investigated as much as was possible, leaving the conclusions and findings to the trial court.

*Ex parte Bessire*, State Habeas Appl. No. WR-66,072-02, at 40-41.

Based on counsel's affidavit and the evidence adduced at trial, the state habeas judge, who also presided over Bessire's trial, properly applied the *Strickland* standard to Bessire's ineffective-assistance claim, entered findings, and concluded that Bessire had failed to show that counsel rendered ineffective assistance or that there was a reasonable probability that but for counsel's omission the result of his trial would have been different. The state court's adjudication of the claim is not objectively unreasonable in light of the evidence as a whole. *See Bell v. Cone*, 535 U.S. 685,

7

698-99 (2002).

Bessire claims he received ineffective assistance of counsel on appeal because counsel failed to perfect, include, designate and cite from the record support for his factual insufficiency-of-the-evidence claim. (Pet'r Brief at 16) Bessire appears to complain that counsel failed to include in appellant's brief the testimony of an off-duty Arlington police officer, that a cell phone came out of Bessire's hand when he was tackled, and not a gun, in addition to his own testimony to that effect.

The state habeas court found that Bessire had failed to prove that his attorney did not adequately brief the factual sufficiency issue or that a reasonable probability existed that the outcome of Bessire's appeal would have been different if counsel had presented more evidence that others did not see a gun in his hand. *Ex parte Bessire*, State Habeas Appl. No. WR-66,072-02, at 44-48. The court reasoned that whether other people saw a gun in Bessire's hand did not discount the fact that Bessire pointed something at Brennan; made an aggressive move toward Schreier; and threatened Brennan, Schreier, and Ayala that he was going to shoot them with his gun if they did not let him leave, and found that there was no evidence that the additional evidence would have caused the evidence to be found factually insufficient. The state court's adjudication of the claim is not objectively unreasonable in light of the evidence as a whole. *See Bell,* 535 U.S. at 698-99.

Bessire has not met his burden of overcoming the strong presumption that his trial and appellate attorneys were competent. Even if he could show deficient performance, he has not demonstrated that but for counsel's alleged acts or omissions the outcome of his trial or appeal would have been different.

## II. RECOMMENDATION

Bessire's petition for writ of habeas corpus should be DENIED.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 15, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until December 15, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 25, 2008.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE