IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RON PAUL BESSIRE, §
    Petitioner, §
VS. § CIVIL ACTION NO.4:07-CV-597-Y
 §
NATHANIEL QUARTERMAN, §
Director, T.D.C.J. §
Correctional Institutions Div., §
    Respondent. §

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Ron Paul Bessire under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on November 25, 2008; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on December 10, 2008.

The Court, after **de novo** review, concludes that Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be denied for the reasons stated in the magistrate judge's findings and conclusions, and for the alternative reason noted herein.

The magistrate judge found, and this Court adopts, that as to Bessire's challenge to the legal sufficiency of the evidence, such claim was procedurally barred from this Court's review. Alternatively, even to the extent such claim is not barred, the Court

concludes that the evidence was legally sufficient[1] to support the conviction for aggravated robbery with a deadly weapon for the reasons stated in the respondent's answer at pages 10-14.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Petitioner Ron Paul Bessire's petition for writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

SIGNED January 8, 2009.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[1] *See generally Jackson v. Virginia,* 443 U.S. 307, 319 (1979)("[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.")